NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**CHADD CHRISTOPHER WILLIAMS,** :
: Civil Action No. 14-6463 (ES)
**Petitioner,** :
:
v. : OPINION
:
**OSCAR AVILES,** :
:
**Respondents.** :
_____:

**SALAS, DISTRICT JUDGE**

Petitioner Chadd Christopher Williams ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearney, New Jersey, pending his removal from the United States. On October 10, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal. (D.E. No. 1, Petition ("Pet.")). For the reasons stated below, this Court will deny the Petition.

**I.      BACKGROUND**

Petitioner is in pre-removal mandatory detention subject to 8 U.S.C. § 1226(c). Petitioner is a citizen and native of Jamaica who was admitted to the United States as a Legal Permanent Resident ("LPR") on or about February 13, 2006. (D.E. No. 1, Petition, at 2). Petitioner was detained by ICE on May 16, 2012, after his release from prison on an unrelated matter. Petitioner was then ordered removed on October 10, 2013. (D.E. No. 15-1 ¶ 28). Petitioner then moved to have his final order of removal reopened by the Board of Immigration Appeals ("BIA"), which

was granted on December 4, 2014.  (*Id.*)   On November 16, 2015, Petitioner was finally afforded a bond hearing pursuant to *Lora v. Shanahan*, 2015 WL 649951, at *12 (2d Cir. 2015), after eleven months of detention after the BIA reopened Petitioner's final order of removal.  (D.E. No. 32 at 1).  At the bond hearing, Immigration Judge Gabriel C. Videla denied Petitioner's request for a release on bond due because he deemed Petitioner both a "danger to the community" and a "flight risk."  (D.E. No. 38 at 1).  Petitioner, in a letter brief filed with the Court on December 11, 2015, asked the Court to conduct its own review of Petitioner's detention and Judge Videla's hearing was "legally flawed."  (D.E. No. 36 at 1).  In response, Respondents ask the Court to dismiss the petition as moot.  (D.E. No. 38).

For the reasons that follow, Petitioner's petition will be denied as moot.

## II.  DISCUSSION

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, and because Petitioner asserts that his detention is not statutorily authorized.  *See Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494–95, 500 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

8 U.S.C. § 1226(c)(1).

3

Here, Petitioner was convicted of robbery in the third degree as well as possession of cocaine. Both of Petitioner's convictions qualify him for deportation pursuant to 8 U.S.C. § 1226(c)(1)(B).[1]

The Third Circuit held in *Chavez-Alvarez* that § 1226(c) does not authorize the Attorney General to detain aliens indefinitely without a bond hearing, but that "sometime after" six-months, "the burdens to [the detainees] liberties outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d 469, 478 (3d Cir. 2015). Petitioner here presents an issue beyond the availability of a bond hearing required by *Chavez-Alvarez*. Here, Petitioner is asking the Court to hold its own bond hearing in place of the hearing held by IJ Videla.  (*See* D.E. No. 1).   Petitioner urges the Court to adopt the reasoning of either the Ninth Circuit, which reviews individualized bond hearings when a due process violation is alleged, or the Middle District of Pennsylvania, which reviews individualized bond hearings on the merits and sets conditions of release.   (*See* D.E. No. 39). This the Court will not do.

The Ninth Circuit holds that federal habeas courts can assert jurisdiction after a bond hearing has taken place if there was a procedural due process violation in the bond hearing. *See Singh v. Holder*, 638 F.3d 1196, 1205-09 (9th Cir. 2011) (holding that federal habeas courts may assert jurisdiction over bond hearings if certain due process requirements were not met, namely, the use of a clear and convincing evidence standard, notice and an opportunity to be heard, and the providing-for of a contemporaneous record of the hearing) (relying on *Mathews v. Eldridge*, 424 U.S. 319 (1976) & *Addington v. Texas*, 441 U.S. 418 (1979)).

---

[1] An alien is removable under 8 U.S.C. § 1227(a)(2)(B) for being convicted of possession of a controlled substance and under 8 U.S.C. § 1227(a)(2)(A)(ii) for being convicted of an aggravated felony such as robbery.

4

The Middle District of Pennsylvania goes even further, holding that it is "empowered to conduct bail proceedings in habeas corpus proceedings brought by immigration detainees," that it is not necessary to "defer to the decision of the Immigration Judge," and that such a decision is not solely appealable to the BIA. *Leslie v. Holder*, 865 F.Supp.2d 627, 633 (M.D. Pa. 2012) (conducting a highly-individualized review of a bond hearing, on the merits, and siding with petitioner); *see also Deptula v. Lynch*, 2016 WL 98152, at *3 (M.D. Pa. Jan. 8, 2016) (recognizing an "independent responsibility … to determine whether conditions of release may be set" after an IJ denies release at a bond hearing) (internal citations omitted).

The District of New Jersey, thus far, has not explicitly adopted either method favored by Petitioner. The present petition might be liberally construed as containing a claim that the IJ erred in either finding Petitioner to be a flight risk or finding him to be a danger to the community. The Court, however, in keeping with other courts in this District, does not have jurisdiction over discretionary agency decisions. *See Reeves v. Johnson*, 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (citing *Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 454 (D.N.J. Jan.9, 2004)). After a bond hearing, the IJ might deny release on bond; the Court would not have the power to overrule such a denial after a bona fide hearing. *Pena v. Davies*, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (internal citations and quotations omitted).

However, it must be noted that, even if the Court were to adopt one of the methods suggested by Petitioner, i.e., either the process of individualized review for the purpose of setting conditions favored by the Middle District of Pennsylvania, or the assertion of jurisdiction to review alleged due process violations favored by the Ninth Circuit, the petition would still be ripe for dismissal. Here, after a thorough review of the transcript, the Court is comfortable concluding that Petitioner did in fact receive a bona fide bond hearing that both comported with Petitioner's due

5

process rights and is defensible on the merits. Though the hearing did not have the result Petitioner wanted, there is nothing in the transcript to suggest that IJ Videla acted in any way improperly or used the incorrect standard of proof in issuing his decision.

Petitioner asserts that IJ Videla incorrectly weighed the evidence against Petitioner, and thus erred in denying his release. The transcript, however, provides no evidence for this assertion. (*See* D.E. No. 34-9 at 62) ("But even though the Government has the burden of proof to establish by clear and convincing evidence [Petitioner is] either a flight risk or a danger to the community, I have to find, though, during the evidence presented, the Government has [met its burden.]"). IJ Videla proceeded to conclude that, on the basis of Petitioner's 2012 conviction for robbery in the third degree, and Petitioner's three disciplinary infractions in detention, that he is a danger to the community. (*Id*. at 62-63). Reasonable minds can certainly disagree as to whether or not the government met its standard here, and thus whether IJ Videla erred in denying Petitioner's bond request, but there is no indication that Petitioner's due process rights were violated or that he received anything less than a bona fide bond hearing.

Petitioner makes much of the fact that IJ Videla concluded that he did not have the authority to order a conditional release, something that District Courts do in the Middle District of Pennsylvania. *See Leslie*, 865 F.Supp.2d at 633-34; *Deptula*, 2016 WL 98152, at *3. This is not an approach used in the District of New Jersey, and whether all judges have such authority is a question of law that remains open in this Circuit. Thus, because whether IJ Videla had the authority to set conditions upon Petitioner's release is an open question of law, there can be no "mistake of law" on which to hang a habeas petition.

6

Therefore, because the Court does not adopt Petitioner's preferred standard of review, opting instead to follow the other courts in this District in holding that the Court does not have the jurisdiction to review Petitioner's bona fide bond hearing, Petitioner's petition is denied.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be denied without prejudice. An appropriate order follows.

                                                                           *s/Esther Salas*        **Esther Salas, U.S.D.J.**